IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-CR-00027-KDB-1

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL JOHN BERNATCHEZ | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the Defendant *pro se* for compassionate release, home confinement and appointment of counsel based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018 and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 44).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant was denied compassionate release by the warden on July 1, 2020. (Doc. No 44, Exhibit 1, Page 4). However, the motion fails to show that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf before seeking relief from this Court. Likewise, the Defendant claims to be obese and suffer hypertension but fails to provide

medical records to substantiate his claims. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

Defendant also asks the Court to appoint him counsel to assist him with his request for a compassionate release. There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d

724, 730 (4th Cir. 2000); see also United States v. Reed, 484 F.App'x 785, 785 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to his medical conditions. He has not attached any medical records to his motion to substantiate his claims. Defendant is capable of requesting compassionate release on this basis without the assistance of counsel and defendant has not otherwise established that the interests of justice require appointment of counsel in this circumstance at this time. The Court finds that the interests of justice do not require appointment of counsel to assist Defendant at this time.

**IT IS, THEREFORE, ORDERED**, that the Defendant's pro se motion for compassionate release, home confinement and appointment of counsel (Doc. No. 44), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 27, 2020

Kenneth D. Bell
United States District Judge